UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES O'LEARY, | Civ. No. 05-6016 (GEB) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | Docket #'s 8, 9, 10 |
| SALOMON SMITH BARNEY, INC., | |
| Defendant. | |

**BROWN, Chief Judge**

This matter comes before the Court upon motion by James O'Leary ("Plaintiff") to amend his Complaint [Docket Entry #8] and to remand the civil action to state court [Docket Entry #9], and upon motion by Salomon Smith Barney, Inc. ("Defendant") to compel arbitration and stay the proceedings [Docket Entry #10]. The Court, having considered the parties' submissions and having decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will deny Plaintiff's motions and grant Defendant's motion.

I.   **BACKGROUND**

On or about October 15, 1987, Plaintiff was hired by Defendant to work as a stockbroker in Defendant's branch office in Red Bank, New Jersey. (Complaint, ¶ 2,3). In or about the time the invitation for employment by Defendant and acceptance of said employment by Plaintiff occurred, both parties entered into a "uniform securities industry, pre-dispute agreement" which contained language binding the parties to arbitrate "any dispute, claim or controversy that may arise between [Plaintiff] and [Defendant] . . ." (Id.).

Plaintiff remained employed with Defendant through February 4, 2001, when Plaintiff suffered a bicycle accident "which resulted in significant brain damage." (Id. at ¶ 8). Plaintiff returned to work after a four month period of convalescence. (Id. at ¶ 10). Thereafter, Plaintiff began to experience "difficulties focusing and processing certain information, and would sometimes fall asleep at his desk." (Id. at ¶ 11). On or about July 1, 2004, Plaintiff's employment was terminated by Defendant. (Id. at ¶ 6).

On December 1, 2005, Plaintiff filed a one-count Complaint in the New Jersey Superior Court, Monmouth County, alleging wrongful termination by Defendant in violation of the provisions of the Americans with Disabilities Act, and seeking to have the New Jersey Superior Court compel arbitration pursuant to the employment agreement entered into by the parties in 1987. On December 28, 2005, Defendant removed the matter to this Court. (Docket Report, Entry #1).

On January 4, 2006, Plaintiff filed for arbitration before the National Association of Securities Dealers ("NASD") asserting the wrongful termination claims asserted in his Complaint. (Defendant's Motion to Compel, p. 3). Defendant has consented to the arbitration by answering Plaintiff's Statement of Claim on April 4, 2006. (Id.). The parties have since selected arbitrators, set discovery dates, and are scheduled to begin NASD arbitration proceedings in or about December, 2006.

**II. DISCUSSION**

    **A.** **The Parties are Bound to Arbitrate the Issue of Wrongful Termination and the Matter Shall be Stayed Until Such Arbitration is Complete**

The Court first considers Defendant's Motion to Compel Arbitration and Stay the Proceedings. In its moving papers, Defendant argues that both Plaintiff and Defendant agree that

they are bound by the arbitration agreement contained in the employment contract they entered into in or about 1987.  Defendant further argues that the parties, at Plaintiff's behest, are already substantially engaged in arbitration efforts before the NASD.  Defendant argues that in consideration of the current arbitration in progress and Title 9, United States Code, Section 3, the parties should continue in those arbitration endeavors and the pending civil action should be stayed until said endeavors are concluded.

The Federal Arbitration Act ("FAA"), codified in Title 9 of the United States Code, was enacted to encourage parties and courts to enter into and adjudicate with the aid of arbitration.  9 U.S.C. § 2 is the primary substantive provision, which provides, in relevant part:

> [a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Id.  The FAA also allows for stays of proceedings in federal district court when an issue in the proceeding is referable to arbitration under 9 U.S.C. § 3, and for orders compelling arbitration when one party fails or refuses to comply with an arbitration agreement under 9 U.S.C. § 4.  "These provisions manifest a 'liberal federal policy favoring arbitration agreements.'"  Gilmer v. Interstate/Johnson Lane Corporation, 500 U.S. 20, 25 (1991) (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S.1 (1983)).

As the United States Supreme Court has clearly stated, statutory claims such as claims under the ADA may be the subject of an arbitration agreement, enforceable pursuant to the FAA.  Gilmer at 26.  Further, the Supreme Court opined that "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their

resolution in an arbitral, rather than a judicial, forum." <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614 (1985).  "Although all statutory claims may not be appropriate for arbitration, '[h]aving made the bargain to arbitrate, the party should be held to it . . .'" <u>Gilmer</u> at 26 (citing <u>Mitsubishi</u> at 628).

Here, both parties concede that they had previously entered into a binding arbitration agreement, and, in consideration of the language of the employment agreement in question, this Court concurs.  Further, both parties have evidenced a continuing intention to arbitrate by entering into an arbitration schedule with the NASD, which is both proper and required under 9 U.S.C. § 2.  Therefore, as the parties agree to arbitration and have begun said process, and as this Court is satisfied that "the issue involved in [this suit] is referable to arbitration . . ." (9 U.S.C. § 3), this Court is compelled to stay this civil action "until such arbitration has been had in accordance with the terms of the agreement . . ." <u>Id.</u>

### B. As the Matter Shall be Stayed, all Pending Motions Shall be Dismissed Without Prejudice Pending the Results of Arbitration

As this matter is stayed, Plaintiff's Motions to Amend Complaint and Remand Proceedings shall be dismissed without prejudice, with an opportunity to re-file should arbitration fail.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration and Stay the Proceedings is granted, and Plaintiff's Motions to Amend Complaint and Remand Proceedings are denied.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: July 6, 2006

                                                   s/ Garrett E. Brown, Jr.
                                                   GARRETT E. BROWN, JR., U.S.D.J.